**LUCIANO PISONI FABBRICA ACCESSORI INSTRUMENTI MUSICALI, and Enzo Pizzi, Inc., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Court No. 84-10-01435.**

United States Court of International Trade.

Sept. 15, 1986.

Klayman & Gurley, P.C. (Larry Klayman and John Gurley), Washington, D.C., for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., Dept. of Justice (Elizabeth Seastrum, Edwin Madaj, Intern. Trade Com'n, Washington, D.C., of counsel), for defendant.

Mudge, Rose, Guthrie, Alexander & Ferdon (N. David Palmeter and Jeffrey Neeley), Washington, D.C., for amicus curiae Hyundai Steel Ind. Co. Ltd.

Dewey, Ballentine, Bushby, Palmer & Wood (Alan Wm. Wolff, Jane Albrecht), and Akin, Gump, Strauss, Hauer & Feld (Richard R. Rivers), Washington, D.C., for amicus curiae Lone Star Steel Co.

### MEMMORANDUM OPINION AND ORDER

DiCARLO, Judge:

On June 12, 1986 the Court held that a final determination by the Department of

Commerce, International Trade Administration (Commerce) that pads for woodwind instrument keys from Italy are being sold in the United States at less than fair value, was not supported by substantial evidence or in accordance with law. *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali, et al. v. United States,* 640 F.Supp. 255, 10 CIT —— (1986). Commerce's final determination had resulted in an order assessing an antidumping duty of 1.16% *ad valorem.*

The Court held that Commerce had improperly compared different merchandise in determining the difference between United States price and home market price. The action was remanded to Commerce with instructions to make an adjustment for differences in the physical characteristics of the merchandise under 19 C.F.R. § 353.16 (1985).

The Court also held that in an investigation involving only ten home market sales, Commerce may not reasonably find a dumping margin by using quarterly exchange rates when no dumping margin would result if conversions were based on rates prevailing at the time of the transactions.

In accordance with the Court's instructions, Commerce made a merchandise adjustment under 19 C.F.R. § 353.16 and used daily exchange rates for all lira/dollar conversions. Commerce found a weighted-average dumping margin of .286%, which it said was *de minimis,* and concluded that the merchandise was being sold in the United States at not less than fair value.

Although Commerce did not give its reasons for finding the dumping margin *de minimis, see Carlisle Tire & Rubber Co. v. United States,* 10 CIT ——, 634 F.Supp. 419 (1986), the parties have submitted their comments on the remand proceedings, and there are no objections to Commerce's redetermination.

Accordingly, Commerce's redetermination is affirmed and the action is dismissed.

So ordered.